**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3600

_____

E.R.; I.R., SR., individually and as parents and natural guardians of I.R., JR., a minor,
Appellants

v.

STROUDSBURG AREA SCHOOL DISTRICT; COLONIAL INTERMEDIATE UNIT
20; SUZANNE DELLORUSSO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-16-cv-01593)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 6, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion Filed:  December 5, 2018)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not
constitute binding precedent.

BIBAS, *Circuit Judge*.

A litigant need exhaust only the claim he appeals, not all claims that arise out of the same conduct. Here, student I.R., through his parents, challenges an Individualized Education Program issued by the Stroudsburg Area School District in June 2015. The parents argue that the Program does not provide a free and appropriate education, as the Individuals with Disabilities Education Act requires. They first brought this claim in a state agency. But when the agency upheld the Program, they sought judicial review in federal District Court. The parents also tacked on two federal claims that they had not brought before the agency. The District Court dismissed their entire complaint, holding that they had failed to exhaust their administrative remedy. But the parents did exhaust their claim as to the June 2015 Program; the agency decided that it sufficed under the Act. And they properly appealed that challenge to the District Court. So we will reverse in part.

## I. BACKGROUND

### A. Facts

I.R. has an intellectual disability, a speech impairment, and an autism-spectrum disorder. After his family moved to Stroudsburg, he started fourth grade in a special-needs classroom at Colonial Intermediate Unit 20.

His transition was rough. I.R. has a history of behaving aggressively in school. He has bitten, kicked, and scratched both teachers and peers. But at Colonial, it was a teacher who harmed him. Suzanne Dellorusso pushed, choked, dragged, slapped, and improperly restrained I.R. Through October and much of November 2014, she responded to his misbehavior with force.

A few months later, Dellorusso was criminally charged with abusing I.R. Once I.R.'s parents learned of the abuse, they removed him from the classroom where it occurred and agreed to transfer him to another school in the Stroudsburg District. And because they worried that any forcible restraint could trigger traumatic memories of his abuse, they worked with Stroudsburg to craft a Program that would minimize physical contact.

Between April and October 2015, I.R.'s parents and District officials refined this Program more than a dozen times. His last Program was issued in June 2015 and is the subject of this appeal. It strictly limited physical contact between I.R. and the school's staff. It created procedures to de-escalate dangerous behavior without touching. And it authorized restraint only as a last resort, when necessary for the safety of I.R. or others.

But I.R. still misbehaved, so educators continued to restrain him. Concerned that such restraint would harm him psychologically, his parents pulled him out of school. He has not attended school since.

### B. The administrative hearing

The Individuals with Disabilities Education Act requires schools to give children with disabilities a free and appropriate public education. 20 U.S.C. § 1412(a)(1)(A). Under the Act, educators work with parents to develop programs for special-needs students. These programs set goals for the academic year. They give teachers detailed instructions. And they are iterative: both sides work to refine them over time.

But parents and educators can disagree about what the Act requires. So either side can ask for an administrative hearing to determine whether a school is fulfilling its obligations. Stroudsburg did just that: after his parents pulled I.R. out of school, it asked for a hearing

3

before Pennsylvania's Office of Dispute Resolution. The agency's hearing officer investigated whether the June 2015 Program satisfied the Act's requirements. He found that it did.

## C.  The District Court

Any party "aggrieved by the findings and decision" of the agency can seek review in federal district court. 20 U.S.C. § 1415(i)(2)(A). So I.R.'s parents appealed their claim under the Act. They also brought two other federal claims: one under the Fourteenth Amendment and another under the Rehabilitation Act. These latter claims arise out of Dellorusso's conduct in 2014; they are unrelated to the June 2015 Program. They added several state-law claims as well.

The District Court focused on whether the parents had properly exhausted their federal claims. If a plaintiff appeals a challenge under the Act and tacks on other federal claims, those latter claims usually are also subject to the Act's exhaustion requirement. *See* 20 U.S.C. § 1415(*l*). So the District Court held that all three federal claims were not exhausted. The Court reasoned that the agency considered only the sufficiency of the June 2015 Program, while the federal claims focused on Dellorusso's abuse in 2014. Because the latter issue was not "substantively raised and addressed at the due process hearing," the parents had to take their federal claims back to the agency. App. 168. And after the Court dismissed all federal claims in the case, it declined to exercise supplemental jurisdiction over the remaining state-law claims.

The parents asked the District Court to reinstate their claim under the Act. They did not challenge the dismissal of their other federal or state claims. But they pointed out that the

4

Court's dismissal denied them judicial review of the agency's decision on the June 2015 Program. The District Court denied their motion, even though that was the only claim that the agency considered. It again reasoned that the complaint centered on Dellorusso's behavior, while the hearing officer addressed only the June 2015 Program. The parents now appeal.

Administrative exhaustion is a jurisdictional requirement. *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014). So the District Court dismissed the parents' complaint for lack of subject-matter jurisdiction. We review such dismissals de novo. *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 271 (3d Cir. 2014).

All parties agree that Colonial and Dellorusso are unrelated to the June 2015 Program. The District Court dismissed all claims against them, and the parents concede that was proper. So we will affirm those dismissals. And the parents do not challenge the dismissal of their state-law claims. So that issue is waived. *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).

## II. THE CHALLENGE TO THE JUNE 2015 PROGRAM IS PROPERLY BEFORE US

The sole issue before us is whether the parents exhausted all administrative remedies before appealing their challenge to the June 2015 Program. They did.

In response to Stroudsburg's request for declaratory relief, the agency conducted an extensive hearing. After considering testimony from both sides and a plethora of documents, it found that the June 2015 Program provided a free and appropriate public education. So the agency found that Stroudsburg had met its burden under the Act.

Once the agency issued that decision, the parents had no other administrative recourse.

They could only appeal to federal district court under 20 U.S.C. § 1415(i)(2)(A). And they did so. Still, the District Court held that the parents had failed to exhaust their administrative remedies as to their challenge under the Act and their other two federal causes of action.

Whether the District Court properly applied the Act's exhaustion requirement to those two other federal claims is not at issue. *See Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 752 (2017) (the Act's exhaustion requirement applies to other federal claims only if the plaintiff's free-and-appropriate-education challenge is the "gravamen" of his complaint). Instead, the parents challenge only the District Court's determination that their claim under the Act required further exhaustion. It did not.

The District Court hung its hat on a temporal distinction: while the agency addressed the "appropriateness of the [Program] put in place" in 2015, the "plaintiffs' complaint was premised on special education services" rendered in 2014. App. 186-87. That misses the point. To be sure, the agency hearing and the complaint turn on Dellorusso's actions. But the parents invoke events from 2014 only as background to the June 2015 Program. What's past is prologue. One cannot understand the parents' challenge without first understanding Dellorusso's abuse of I.R.; the trauma she inflicted in 2014 bears on how the June 2015 Program authorizes physical restraint. The District Court confused the agency's *discussion* of the 2014 events with its *decision* on the June 2015 Program. The parents did not exhaust all claims relating to 2014. Nor do they contend that they did. They appeal only the dismissal of their 2015 challenge, and they exhausted that claim.

Stroudsburg concedes that the parents are right. It admits that "the proceedings before

6

and opinion of the Hearing Officer exhausted the IDEA claim concerning [the June 2015 Program]." Stroudsburg Supp. Ltr. 1. Even the District Court acknowledged that the hearing officer addressed the Act's application to the June 2015 Program. App. 168. So that claim was properly exhausted and ripe for district-court review.

It is also irrelevant that Stroudsburg, and not the parents, asked for the administrative hearing. The District Court relied on this distinction to dismiss the parents' challenge. But it cited no authority for this proposition, and we can find none. We have never required a party to bring a claim in order to exhaust it. And if a school wins a declaratory-judgment action, there is no reason to make the losing parents file a duplicative agency action of their own; the earlier ruling would preclude the second action.

\* \* \* \* \*

Though the prologue to the parents' claim starts in 2014, the substance is about the June 2015 Program. The parents' challenge to that Program was exhausted before the hearing officer. So we will reverse in part and remand for further proceedings on the challenge under the Act to the June 2015 Program. We will affirm in all other respects.